**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4825**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

MARK ANTHONY JONES,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (CR-05-83)

---

Submitted:  August 18, 2006        Decided:  September 18, 2006

---

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph J. Watson, JOE WATSON, LLC, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark Anthony Jones pled guilty to possession with intent to distribute five grams or more of cocaine base and 500 grams or more of cocaine, 21 U.S.C. § 841(a)(1) (2000), and use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2000). He was sentenced to concurrent 240-month prison terms. Jones appeals, raising one issue. We affirm.

A state magistrate issued search warrants for Jones' home and pickup truck. The searches yielded incriminating evidence, including drugs, cash, and drug paraphernalia. Jones moved to suppress the seized items. The district court denied the motion, finding that there was probable cause to issue the warrants and that, in any event, the good faith exception to the warrant requirement, see United States v. Leon, 468 U.S. 897 (1984), applied. After his motion was denied, Jones entered his guilty plea, reserving the right to contest the denial of the suppression motion on appeal. We review the factual findings underlying the denial of a motion to suppress for clear error. The district court's legal determinations are reviewed de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996).

In Leon, the Court held that "reliable physical evidence seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate . . . should be admissible in the prosecution's case in chief," even if the warrant is ultimately

found to be defective.  United States v. Leon, 468 U.S. at 913. There are four circumstances in which an officer's reliance on a search warrant would not qualify as objectively reasonable, including when the magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for reckless disregard of the truth."  Id. at 923. With regard to this circumstance, courts have found that the error or omission in the material presented to a magistrate must be significant to the finding of probable cause in order for the good faith exception not to apply.  See United States v. Hammond, 351 F.3d 765, 774 (6th Cir. 2003); United States v. Cazpozzi, 347 F.3d 327, 332 (1st Cir. 2003); United States v. Tuter, 240 F.3d 1292, 1299 (10th Cir. 2001).

Jones contends both that probable cause to issue the warrant was lacking and that the good faith exception was inapplicable because of omissions and errors of fact in the affidavit presented to the magistrate.  Where, as here, an appellant challenges both the probable cause determination and application of the good faith exception, we may proceed directly to the question of good faith.  See United States v. Perez, 393 F.3d 457, 460 (4th Cir. 2004).

We conclude that the good faith exception was properly applied.  The mistakes and omissions about which Jones complains were minor and had no bearing on the decision to issue the search

warrants. Together, the affidavit and the affiant's statements to the magistrate in support of the warrants correctly stated that officers responded to a call about a burglary at Jones' home, where they found blood and damage to windows and a door. In plain view in Jones' truck, officers saw a firearm. Jones had previously been convicted of drug offenses and was not supposed to possess a gun. The circumstances closely resembled recent drug-related home invasions that were under investigation by the affiant and others in the Sheriff's Department. Finally, an unidentified man had just died of a gunshot wound at a local hospital. The man was wearing gloves, and it appeared to the affiant that he might have been shot at Jones' home.

Jones complains that the affiant erroneously stated that the truck was hidden and that the gun was secreted within the truck. He also protests that the affiant did not disclose that no drugs or drug paraphernalia were in plain view in the home or truck, Jones asked a neighbor to call 911, and officers who patted him down found no drugs. Given the totality of the circumstances, these errors and omissions had no bearing on the decision to issue the warrants.

Because the district court correctly denied the suppression motion on the basis of the good faith exception to the warrant requirement, we affirm the convictions. We dispense with oral argument because the facts and legal contentions are

- 4 -

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED